**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TUESDAY SHALON JOHNSON,

    Defendant - Appellant.

No. 20-6095
(D.C. No. 5:09-CR-00021-R-3)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Tuesday Johnson appeals the district court's order denying her motion for a

sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat.

5194, 5222. We affirm.

Johnson pleaded guilty in 2009 to distributing cocaine base, also known as

crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Neither the indictment nor the

plea agreement specified a particular quantity of crack cocaine. Accordingly, the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a);
10th Cir. R. 32.1(A).

statutory sentencing range for her offense was set by § 841(b)(1)(C), which established a lower range than subsections (b)(1)(A) and (b)(1)(B) and—unlike those sections—did not include a mandatory minimum sentence. The district court ultimately imposed the statutory maximum sentence of 240 months. *See* § 841(b)(1)(C).

In 2019, Johnson filed a motion for a sentence reduction under the First Step Act, which allows a district court to impose a reduced sentence if the defendant was convicted of a covered offense committed before August 3, 2010, for which the statutory penalties had been modified by Section 2 or 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The district court denied this motion, holding that Johnson was ineligible for relief under the First Step Act because the Fair Sentencing Act did not affect § 841(b)(1)(C)'s statutory penalties.

In her opening brief on appeal, Johnson argued that the district court erred in finding that she was not eligible for relief under the First Step Act. But she concedes that this argument has now been foreclosed by the Supreme Court's recent holding in *Terry v. United States* that a defendant sentenced under § 841(b)(1)(C) is not entitled to relief under the First Step Act because "the Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) crack offenses—that is, the offenses that triggered mandatory-minimum penalties." No. 20-5904, 2021 WL 2405145, at *5 (June 14, 2021). Because *Terry* conclusively resolved the only issue

2

Johnson raised in this appeal, we affirm.

                                              Entered for the Court


                                              Nancy L. Moritz
                                              Circuit Judge